UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CARRIE SKAINS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-CV-1272-X-BP |
| | § | |
| TRINITY VALLEY SCHOOL, | § | |
| | § | |
| *Defendant*. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (FCR) (Doc. 71), the parties' objections (Docs. 73, 74), and their responses (Docs. 76, 77). The Court reviews the unobjected to portions of the FCR for plain error—and finding none—adopts those portions of the FCR. The Court conducted a *de novo* review of the portions of the FCR to which each objection was made, in accordance with 28 U.S.C. § 636(b)(1). As explained below, the Court **ACCEPTS IN PART, MODIFIES IN PART,** and **REJECTS IN PART** the FCR.

## I. BACKGROUND[1]

Carrie Skains (Skains) was the Director of Human Resources at Trinity Valley School (Trinity Valley) from January 2012 to January 2025. In 2024, Trinity Valley hired an external consultant to investigate reports of sexual misconduct towards students from one of the school's teachers (the teacher), as well as allegations

[1] The Court fully incorporates the background section from the FCR to provide clarity, but there are some minor edits to reflect the Court's stylistic preferences.

concerning Trinity Valley's lack of transparency about the alleged misconduct. The investigation ended with an email summarizing the consultant's findings, which Trinity Valley sent to parents, faculty, alumni, and the wider school community. The email stated in part: "Evidence . . . indicates that . . . Ms. Skains, [and other school leaders], who were aware of the [first reported] incident, kept the information largely to themselves . . . because they were concerned that sharing it would be detrimental" to the teacher if the alleged acts were accidental. It continued, "Skains did not conduct any internal inquiries or take other steps to determine if [the teacher] had engaged in inappropriate interactions with other [Trinity Valley] students."

Skains alleges that earlier in the year, the school's CFO, Adam Wojtelwicz, subjected her to "highly combative" questioning in front of other employees and retaliated against her when she reported this harassing behavior to the head of school. This retaliation included an increased workload and threats of demotion. Skains also alleges Wojtelwicz only directed his "mistreatment" towards women. In June 2024, Skains filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging sex discrimination and retaliation. On December 18, 2024, Trinity Valley distributed its investigation summary, which Skains contends defamed her in retaliation for her protected activity of filing the EEOC charge.

On December 30, 2024, Skains sued Trinity Valley and filed another EEOC charge alleging further retaliation through defamation. She resigned from Trinity Valley a week later. After filing a third EEOC charge in January 2025 that alleged constructive discharge, Skains filed her Amended Complaint. In that live pleading,

she asserts sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964 (Title VII) and Texas Labor Code section 21.051 (Chapter 21) and defamation.

## II. Legal Standard

Federal Rule of Civil Procedure 72 provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge related to a dispositive motion.[2] An objection that does "nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection" under Rule 72(b).[3] "Frivolous, conclusive or general objections need not be considered by the district court."[4] An objection must be "sufficiently specific to put the district court on notice of the urged error."[5]

## III. Analysis

The FCR recommended that this Court dismiss Skains's Title VII and Chapter 21 sex discrimination claims and her Title VII Chapter 21 retaliation claims arising from the December Email and alleged constructive discharge.[6] But the FCR found that Trinity Valley did not meet its summary judgment burden on Skains's retaliation claim for the assignment of additional work or for her defamation claims.[7]

---

[2] Fed. R. Civ. P. 72(b)(2).

[3] *Cuza v. Day*, No. 22-1354, 2023 WL 3270064, at *1 (E.D. La. May 5, 2023) (cleaned up).

[4] *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

[5] *Williams v. K & B Equipment Co., Inc.*, 724 F.2d 508, 511 (5th Cir. 1984).

[6] Doc. 71 at 31.

[7] *Id.*

Both parties to this action raise objections to the FCR. Trinity Valley raised five objections and Skain raised seven. The Court addresses each objection in turn.

### A. Trinity Valley's Objections

Trinity Valley asserts the FCR erred in: (1) holding that Trinity Valley failed to articulate a legitimate, non-retaliatory reason for Skains's additional work assignments, (2) finding a genuine dispute of material fact as to the falsity of the second statement in the December 18, 2024 Board Email (December Email), (3) finding a genuine dispute of material fact as to the falsity of the third statement in the December Email, (4) finding a genuine dispute of material fact as to Trinity Valley's actual malice in publishing the December Email, and (5) finding that Skains's damage evidence independently sustained her defamation claim.[8]

#### 1. Additional Work Assignments

First, Trinity Valley challenges the FCR's prima facie analysis.[9] But for the reasons explained in the FCR, however, the Court agrees that Skains established a prima facie case of Title VII retaliation based on the additional work assignments.[10]

Trinity Valley also challenges the FCR's citation to the Fifth Circuit's 1979 *Burdine* opinion.[11] The citation does not affect the FCR's conclusion because the Supreme Court's *Burdine* decision articulates the same burden-shifting framework.[12]

---

[8] Doc. 73.

[9] *Id.* at 7.

[10] Doc. 71 at 13–16.

[11] *Id.* at 20 (citing *Burdine v. Tex. Dep't of Cmty. Affairs*, 608 F.2d 563, 570 (5th Cir. 1979), *vacated*, 450 U.S. 248 (1981)).

[12] *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255 (1981).

Trinity Valley next challenges the FCR's conclusion that it failed to satisfy the second step of the *McDonnell Douglas* framework.[13] On this point, Trinity Valley's objection has some teeth.[14] At the second step, the Supreme Court articulated that "the employer need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus."[15]

Trinity Valley produced evidence that the additional work assignments were based on "operational reasons."[16] That evidence is sufficient to "allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus."[17] The Court therefore **MODIFIES** the FCR to conclude that Trinity Valley satisfied the second step of the *McDonnell Douglas* framework.[18]

But as Trinity Valley pointed out,[19] there is another step in the *McDonnell Douglas* framework where "the burden falls to the employee to establish that the employer's permissible reason is actually a pretext for retaliation."[20] The employee must also assert action would not have occurred "but for the employer's retaliatory

---

[13] Doc. 73 at 2–7.

[14] *Id.* at 4.

[15] *Burdine*, 450 U.S. at 257.

[16] Doc. 40 at 17, 19, 20, 23.

[17] *Burdine*, 450 U.S. at 257; Doc. 71 at 20.

[18] *Burdine*, 450 U.S. at 257; Doc. 71 at 20.

[19] Doc. 73 at 5.

[20] *Septimus v. Univ. of Hou.*, 399 F.3d 601, 607 (5th Cir. 2005).

motive."[21] Skains has met that burden at the summary-judgment stage—she produced evidence that male athletics staff members received additional compensation for increased workloads while she did not.[22] And any determination of whether these comparators are "similarly situated" is for a jury to decide—not the Court.[23]

Therefore, the Court agrees with the FCR's denial of summary judgment on Skains's workplace retaliation claim.[24] The Court **OVERRULES** Trinity Valley's first objection.

### 2. Falsity of the second statement in the December Email

Second, Trinity Valley challenges the FCR's finding of a genuine dispute of material fact as to the falsity of the second statement in the December Email (the "Second Statement").[25] The FCR identified three parts of the Second Statement: (1) Skains knew of the incident, (2) administrators kept the information "largely to themselves," and (3) *why* they did so.[26] The FCR concluded that parts one and two were undisputedly true, but the motive ascribed to Skains in part three creates a jury question on falsity.[27] Trinity Valley raised all their arguments as to whether the "gist" of the publication was correct in their underlying motion for summary

---

[21] *Feist v. La. Dep't of Justice, Office of the Att'y Gen.*, 730 F.3d 450, 454 (5th Cir. 2013) (cleaned up).

[22] Doc. 64 at 34.

[23] *Wallace v. Seton Family of Hosps.*, 777 F. App'x 83, 88–89 (5th Cir. 2019) (unpublished).

[24] Doc. 71 at 20.

[25] Doc. 73 at 8.

[26] Doc. 71 at 22.

[27] *Id.* at 22–23.

judgment.[28] The Magistrate Judge was not convinced, and after a *de novo* review, for the same reasons, this Court agrees for the same reasons.[29] Therefore the Court **OVERRULES** Trinity Valley's second objection.

### 3. Falsity of the third statement in the December Email

Third, Trinity Valley challenges the FCR's finding of a genuine dispute of material fact as to the falsity of the third email statement in the December Email (the "Third Statement").[30] The FCR concluded that the third statement, which stated that Skains (among others) "did not conduct any internal inquiries or take other steps to determine if [the teacher] had engaged in inappropriate interactions with other [Trinity Valley] students," created a jury question on falsity.[31] Nothing Trinity Valley raised in its objections overcomes the FCR's holding and rationale. Accordingly, the Court **OVERRULES** Trinity Valley's third objection.

### 4. Trinity Valley's qualified privilege and actual malice

Fourth, Trinity Valley challenges the FCR's finding of a genuine dispute of material fact as to whether Trinity Valley acted with actual malice in publishing the December Email.[32] Trinity Valley argues that the FCR applied the wrong legal

---

[28] Doc. 40 at 36–38.

[29] Doc. 71 at 22–24.

[30] Doc. 73 at 11.

[31] Doc. 71 at 23.

[32] Doc. 73 at 14.

standard by concluding that "some degree of malice"[33] was sufficient to defeat its qualified privilege of the December Email.[34]

"To survive a summary judgment motion based on qualified privilege in federal court, the plaintiff has the burden of establishing malice by clear and convincing evidence."[35] "[A]ctual malice means knowledge of, or reckless disregard for, the falsity of a statement."[36] When actual malice is found through reckless disregard for the falsity of a statement it "requires more than a departure from reasonably prudent conduct" demanding evidence "that the defendant in fact entertained serious doubts as to the truth of his publication" or "had a high degree of awareness of the probable falsity of his statements."[37] Actual malice can also "be shown by the omission of facts if the publisher knew or strongly suspected that the omission would create a false and defamatory impression."[38]

---

[33] Doc. 71 at 28.

[34] Doc. 73 at 16–17.

[35] *Smith v. Wal-Mart Stores, Inc.*, 980 F.3d 1060, 1063 (5th Cir. 2020). "A conditional or qualified privilege protects communications made in good faith on a subject matter in which the author has a common interest with the other person, or with reference to which he has a duty to communicate to the other person." *Pioneer Concrete of Tex., Inc. v. Allen*, 858 S.W.2d 47, 49 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (cleaned up). Further, "Texas courts have previously held that this privilege covers sharing the findings of internal employee investigations." (Doc. 71 at 28 (citing *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 646–47 (Tex. 1995)). The FCR found that this privilege attached to the December Email because it was sent "to the school community to summarize findings relating to the investigation, student safety, and communication with students' families." *Id.*

[36] *Smith,* 980 F.3d at 1063.

[37] *Id.*

[38] *Warren v. Fed. Nat'l Mortg. Ass'n*, 932 F.3d 378 (5th Cir. 2019) (citing *Turner v. KTRK Television, Inc.*, 38 S.W.3d 103, 120–21 (Tex. 2000).

This Court agrees with the FCR that the common-interest privilege applies to the December Email.[39] Because that privilege applies, Skains must produce clear and convincing evidence here at summary judgment that Trinity Valley acted with "actual malice"[40] as opposed to "some degree of malice"[41] in publishing the December Email. Because the FCR used a "some degree of malice" formulation in analyzing the requisite degree of fault this Court **MODIFIES** the FCR to apply the actual-malice standard.

Even with that modification, the FCR's result does not change. The FCR's evidence supports that Skains established actual malice by clear and convincing evidence, so the FCR's conclusion remains unchanged and should not be disturbed.[42] The Court **OVERRULES** Trinity Valley's fourth objection.[43]

### 5. Skains's damage evidence

Finally, Trinity Valley argues Skains cannot recover presumed or exemplary damages absent clear-and-convincing proof of actual malice on a matter of public concern.[44] Because this Court found Skains established actual malice to survive summary judgment, the Court need not resolve Trinity Valley's fifth and final

---

[39] Doc. 71 at 28.

[40] *Smith*, 980 F.3d at 1063.

[41] Doc. 71 at 27–29; Doc. 64 at 45–51; *see also* Doc. 77 at 17 ("Skains'[s] evidence of [Trinity Valley's] and [the investigator's] editing Skains's name into the two defamatory sentences while knowing those exculpatory findings existed and were available in the same T&M Report raises a fact issue that doing so was not an innocent mistake or negligent oversight, but a purposeful choice to point defamation at Skains by name notwithstanding contrary facts the editors personally knew.").

[42] Doc. 71 at 28–29.

[43] *Smith*, 980 F.3d at 1062.

[44] Doc. 73 at 17–18.

objection. In any event, Trinity Valley's objection does not identify any error in the FCR's reasoning sufficient to warrant disturbing its conclusion. So, the Court **OVERRULES** Trinity Valley's fifth objection.

***

In summary, the Court **OVERRULES** each of Trinity Valley's objections. The Court **ACCEPTS** and **MODIFIES** the FCR as described above.

### B. Skains's objections to the FCR

Skains filed objections[45] to the FCR specifically alleging that it erred by: (1) applying the wrong legal standard to her email-retaliation claim, (2) misapplying causation and skipping the *Saketkoo v. Administrators of Tulane Educational Fund* cat's paw analysis,[46] (3) failing to apply the sixth *Brown v. Bunge Corporation*[47]/*Barrow v. New Orleans Steamship Association*[48] factor or address Skains's cited case, (4) misapplying *Hamilton v. Dallas County*[49] and *Muldrow v. City of St. Louis*[50] to the sex-discrimination claim, (5) ruling inconsistently between the

[45] Doc. 74.

[46] 31 F.4th 990, 1001 (5th Cir. 2022).

[47] 207 F.3d 776, 782 (5th Cir. 2000).

[48] 10 F.3d 292, 297 (5th Cir. 1994).

[49] 79 F.4th 494, 506 (5th Cir. 2023) (en banc).

[50] 601 U.S. 346 (2024).

"gist" and explicit-statement holdings, (6) ruling on the reasonable reader standard, and (7) misapplying *Malacara v. Garber*.[51]

### 1. Adverse Employment Action

First, Skains objects to the FCR's conclusion that the Board Email did not constitute an adverse employment action for the purpose of her Title VII and Chapter 21 retaliation claims.[52] Skains alleges that "[t]he correct retaliation standard is materially broader."[53]

The FCR applied the "terms, conditions, or privileges of employment" standard to her email-retaliation claim rather than the broader retaliation standard announced in *Burlington Northern & Santa Fe Railway Co. v. White*.[54] In *Burlington*, the Supreme Court held that Title VII's anti-retaliation provision "is not limited to discriminatory actions that affect the terms and conditions of employment," but instead covers actions that are "materially adverse" and "harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination."[55] In setting the materially adverse standard, the Supreme Court made clear that it is an objective standard that "seeks to prevent employer

[51] 353 F.3d 393 (5th Cir. 2003).

[52] Doc. 74 at 3.

[53] *Id.*

[54] Doc. 71 at 17; 548 U.S. 53 (2006).

[55] 548 U.S. at 64, 57.

interference with unfettered access to Title VII's remedial mechanisms."[56] And "[c]ontext matters."[57]

The Court therefore **MODIFIES** the FCR to apply the materially adverse standard to Skains's retaliation claim based on the December Email.

Applying that standard, however, the Court reaches the same outcome of the FCR. One of the cases Skains cited provides a helpful illustration regarding how context matters.[58] In *Stewart v. Mississippi Transportation Commission,* the Fifth Circuit found there was no materially adverse impact even when "(1) [the employee] was placed on administrative leave for three weeks; (2) upon returning, she was reassigned to a new supervisor and given a heavier workload; (3) personal items were taken from her desk; (4) the locks on her office had been changed and she was not allowed to close her office door; and (5) she was chastised by superiors and ostracized by co-workers."[59]

The context in this case similarly demonstrates that the December Email would not dissuade a reasonable employee from making a discrimination charge. Even viewing the context in the light most favorable to Skains, the December Email would not dissuade a reasonable employee from making or supporting a discrimination charge as it resulted from a months-long investigation and named

---

[56] *Id.* at 68 (cleaned up).

[57] *Id.* at 69.

[58] Doc. 74 at 4.

[59] 586 F.3d 321, 331–32 (5th Cir. 2009).

multiple other school employees. Skains admits Trinity Valley did not reduce her compensation, benefits, authority, title, or job duties following the December Email.[60]

The record therefore would not permit a reasonable jury to find that the December Email was materially adverse under *Burlington Northern*, and the Court **OVERRULES** Skains's first objection.

**2. Causation**

Second, Skains argues the FCR erred in concluding that she failed to establish causation because: (1) there is no causation ceiling on temporal proximity, and (2) it failed to apply the *Saketkoo's* cat's paw doctrine and under such analysis the record supports causation. Because the Court concludes that the December Email was not a materially adverse action, the Court need not reach causation. Nevertheless, the Court agrees with the FCR's analysis.

i. Temporal proximity

"The protected act and the adverse employment action must be very close in time."[61] Although the Fifth Circuit has found periods of approximately two-and-a-half months sufficient in some circumstances, it has also held that similar periods were insufficient in other cases.[62] Here, the 89-day period between Skains's protected activity and the December Email, without more, is insufficient to establish causation through temporal proximity.[63]

---

[60] Doc. 40-2 at 122–23.

[61] *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 948 (5th Cir. 2015) (cleaned up).

[62] *Id.*

[63] Doc. 71 at 17–18.

ii. Cat's paw causation

A plaintiff "can show cat's paw causation if a person who has retaliatory animus uses a decisionmaker to bring about an intended retaliatory action."[64] This theory of causation requires proof that a biased subordinate's retaliatory intent proximately caused the adverse action—meaning it is "the but-for cause of the decision."[65] Skains identifies no evidence that a person who knew of her protected activity and harbored retaliatory animus used a decisionmaker to cause publication of the December Email.[66] Accordingly, the Court finds the FCR was correct in declining to find causation through the cat's paw doctrine.

Although the Court need not reach causation because it concludes that the December Email was not materially adverse, the Court **OVERRULES** Skains's second objection.

### 3. Constructive discharge

Third, Skains objects to FCR's recommendation that her Title VII and Chapter 21 constructive-discharge claims be dismissed. Specifically, Skains takes issue with (1) the FCR's failure to address factor six of the *Brown/Barrow* framework, and (2) the purported lack of factual analysis of the factors as a whole.[67]

The sixth factor of the *Brown/Barrow* framework considers whether "badgering, harassment, or humiliation by the employer [was] calculated to

---

[64] *Id.* at 15 (quoting *Saketkoo*, 31 F.4th at 1001.

[65] *Zamora v. City of Hou.*, 798 F.3d 326, 332 (5th Cir. 2015).

[66] *Saketkoo*, 31 F.4th at 1001; Doc. 76 at 5–6.

[67] Doc. 74 at 8–11.

encourage the employee's resignation."[68] Skains contends that the December Email was "both targeted . . . and sustained."[69] However, Skains does not allege that the December Email was "calculated to encourage [her] resignation,"[70] but instead that she merely "felt compelled to resign."[71]

Nor does Skains establish that Trinity Valley's refusal to retract the December Email or modify it according to her preferences constitutes harassment or humiliation *calculated for her resignation*. Even assuming this factor weighs in Skains's favor, the totality of the *Brown/Barrow* factors does not establish that a reasonable employee in Skains's position would have felt compelled to resign.

Skains also faults the FCR for not addressing *Pennsylvania State Police v. Suders*.[72] The FCR does not need to distinguish every case cited by each party to have a sound ruling. Nonetheless, as Skains points out, *Suders* involved "harassment ratcheted up to the breaking point," and even in the light most favorable to Skains, there is nothing in the record that suggests that Skains's experience stemming from the time period between the December Board Email to her January 5, 2025 resignation could be considered an "abusive working environment . . . so intolerable that [Skains's] resignation qualified as a fitting response."[73]

---

[68] *Brown*, 207 F.3d at 782 (quoting *Barrow*, 10 F.3d at 297 ("Whether a reasonable employee would feel compelled to resign depends on the facts of each case, but we consider the following factors relevant, singly or in combination[.]")).

[69] Doc. 74 at 10.

[70] *Brown*, 207 F.3d at 782.

[71] Doc. 64 at 29.

[72] 542 U.S. 129 (2004).

[73] *Id.* at 134.

The Court **OVERRULES** Skains's third objection.

#### 4. Skains's sex-discrimination claim

Fourth, Skains objects to the FCR's dismissal of her sex-discrimination claim asserting there were three independently reversible errors: (1) it misuses her testimony regarding her "initial instinct," (2) it fails to engage in comparator evidence, and (3) it failed to apply *Hamilton* and *Muldrow*.[74] Trinity Valley did not respond to this objection.

Under *McDonnell Douglas*, a plaintiff must first establish a *prima facie* sex discrimination case by showing that she: "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) . . . suffered some adverse employment action by the employer; and (4) . . . was treated less favorably than other similarly situated employees outside the protected group."[75]

First, the Court agrees with Skains that her initial subjective assessment of whether particular actions were sex-based does not, by itself, preclude her from later relying on circumstantial evidence to establish discriminatory intent.[76] The Court therefore **MODIFIES** the FCR to the extent it relied on Skains's "initial instinct" as dispositive of her discrimination claim.

Second, the Court agrees that the comparator evidence must be considered.[77] For the reasons outlined in Section III.A.1., Skains has identified evidence from

---

[74] Doc. 74 at 11–13.

[75] *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007), *abrogated by Hamilton*, 79 F.4th 494.

[76] Doc. 71 at 12.

[77] Doc. 74 at 12–13.

which a reasonable jury could find that male athletics staff members were similarly situated for purposes of the additional-work-assignment claim.

Third, the Court must apply the governing standard of *Hamilton* and *Muldrow* to Skains's Title VII discrimination claim.[78] *Muldrow* requires a plaintiff challenging discriminatory treatment under Title VII to show some harm with respect to an identifiable "term or condition" of employment.[79] For the same reasons as the Court's analysis in Section III.A.1., the Court concludes that a genuine dispute of material fact exists as to whether Skains's additional work assignments caused a disadvantageous change in an identifiable term or condition of employment sufficient to satisfy this requirement.

The Court reaches a different conclusion as to Skains's remaining discrimination theories. Regarding the December Email, Skains has not identified evidence that she was treated less favorably than similarly situated employees outside her protected class; the Email also identified multiple other employees, including male employees.[80] Nor has Skains adequately developed her theory concerning "her exclusion from communication decisions male comparators controlled."[81] This is an objection that does "nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection" under Rule 72(b). And Skains fails to point in

---

[78] *Id.* at 13.

[79] *Muldrow*, 601 U.S. 346.

[80] *McCoy*, 492 F.3d at 556.

[81] Doc. 74 at 13.

the record to where she developed this was a "term or condition" affecting her employment, nor does she develop this through any substantive analysis (as to this theory) in her objection.[82]

If the plaintiff establishes her *prima facie* case, her employer then has the burden to provide "a legitimate, non-discriminatory reason" for the adverse employment action.[83] If the employer meets this burden, then the plaintiff must show that the proffered reason is merely pretextual.[84] For the same reasons as the Court's analysis in Section III.A.1., the Court finds each party met their burden (as to Skains's theory of additional work assignments) under the *McDonnell Douglas* framework.

The Court therefore **SUSTAINS IN PART** Skains's fourth objection and **REJECTS IN PART** the FCR's recommendation of summary judgment on her sex-discrimination claim based on the additional work assignments.[85]

But, the Court **OVERRULES** Skains's objection as to the discrimination claims based on the December Email and the alleged exclusion from communication decisions.

Accordingly, the Court **DENIES** Trinity Valley's motion for summary judgment on Skains's Title VII and Chapter 21 sex-discrimination claims based on the additional work assignments.

---

[82] *Cuza v. Day*, No. 22-1354, 2023 WL 3270064, at *1 (E.D. La. May 5, 2023) (cleaned up).

[83] *Rutherford v. Harris Cnty., Tex.*, 197 F.3d 173, 180 (5th Cir. 1999).

[84] *Id.*

[85] Doc. 71 at 20.

### 5. The "gist" and explicit-statement rulings

Fifth, Skains objects to the FCR's conclusion that the December Email does not support a claim for defamation by implication even though the FCR found a genuine dispute of material fact regarding the falsity of certain "explicit statements."[86] The FCR correctly outlined that there is a different legal standard for explicit defamation and defamation by partial implication.[87] This Court agrees with the FCR's "gist" analysis and declines to disturb its recommendation. The Court **OVERRULES** Skains's fifth objection.

### 6. Reasonable reader standard

Sixth, Skains objects to the FCR's conclusion that the December Email's statement that "[s]chool leaders . . . were disingenuous in their communications to parents, citing personal reasons as the impetus for [the teacher's] departure" is not capable of a defamatory meaning as to Skains.[88] Skains argues that "[w]hether an ambiguous defamatory reference reaches the plaintiff is surely a jury question."[89] But "[w]hether words are capable of the defamatory meaning the plaintiff attributes to them is a question of law for the court."[90] The Court finds the FCR's analysis sound that this statement, read in context, is not capable of the defamatory meaning Skains attributes to it. Accordingly, the Court **OVERRULES** Skain's sixth objection.

---

[86] Doc. 74 at 14–15.

[87] Doc. 71 at 26–27.

[88] Doc. 74 at 15; Doc. 71 at 23–24 (cleaned up).

[89] Doc. 71 at 15.

[90] *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

### 7. Application of *Malacara*

Finally, Skains objects to the FCR's application of *Malacara*.[91] The Court **OVERRULES** Skains's objection finding that the FCR's invocation of *Malacara* did not result in the "selective treatment" that Skains alleges.[92] Regardless, this Court has considered the full record and has considered all evidence that Skains cited in her summary judgment response brief in the light most favorable to her.

***

In summary, the Court **OVERRULES** in part and **SUSTAINS** in part Skains's objections. The Court **ACCEPTS, MODIFIES,** and **REJECTS** the FCR as described above. The Court **DENIES** Trinity Valley's motion for summary judgment on Skains's Title VII and Chapter 21 discrimination claims based on her additional work assignments.

## IV. Conclusion

The Court **OVERRULES** in part and **SUSTAINS** in part Skains's objections. The Court **OVERRULES** all of Trinity Valley's objections. The Court **ACCEPTS, MODIFIES,** and **REJECTS** the FCR as described above. (Doc. 71).

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Trinity Valley's Motion for Summary Judgment. (Doc. 40).

The Court **DENIES** the motion as to Skains's Title VII and Chapter 21 sex-discrimination and retaliation claims based on the additional work assignments,

[91] 353 F.3d at 405; Doc. 74 at 16.

[92] Doc. 74 at 17.

as well as to her defamation claim. The Court **GRANTS** the motion as to Skains's Title VII and Chapter 21 retaliation claims based on the December Email and her alleged constructive discharge, as well as her Title VII and Chapter 21 discrimination claims based on the December Email and her alleged exclusion from communication decisions. Skains's Title VII and Chapter 21 sex discrimination claims arising from the December Email and the communications, her Title VII and Chapter 21 retaliation claims arising from the email at issue, and Skains' alleged constructive discharge are **DISMISSED**.

**IT IS SO ORDERED** this 11th day of August, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE